236770, U.S. v. Myron Wagner. Attorney Gertzog, is that it? That is close enough, Judge. Close enough? Tell me what's the right way. No T. Gertzog. Gertzog. Great. Well, the floor is yours whenever you're ready. Thank you very much, Your Honor. My name is Lawrence Gertzog. I represent Myron Wagner. I was not counsel for him below. This case boils down to one thing. Did the government prove at trial that... Tom Falk, can I ask you to pull that microphone down to you? The one on your right is not quite... Yeah, I'm having... Thank you. Yeah. Did the government prove at trial that the gun it introduced into evidence was possessed by Mr. Wagner? The way the government attempted to prove that was by saying that when Mr. Wagner entered the barber shop, he threw the gun at one of the barbers. The barber seemingly sort of freaked out at having a gun thrown at him and said, like, get rid of it, put it somewhere else. And it took him a significant amount of time and a significant amount of questioning before he finally suggested that, yes, he could recognize that as the gun that the defendant had thrown at him. Everybody else that saw the gun just described it, to the extent they could describe it at all, just described it as a silver shining gun. And I think everyone would agree that a silver shining gun is not enough to say that that particular silver shining gun was the gun that Mr. Wagner... There's a witness that sees a gentleman, describes the person, the clothing they're wearing, the hat, sees them shooting, and then the person is arrested within minutes, and a gun is located that generally matches the description of the barber shop where allegedly your client ran into. Why can't the jury draw the inference that this is and believe the barber shop attendant who testified, albeit reluctantly or nervous about it? The jury's free to make that inference. Why is that not sufficient to support the verdict? Your Honor, when you look at the examination of the first barber, what you see is he's being shown the gun, and the barber is saying that doesn't appear to be the gun. I don't know. Maybe it is. Maybe it isn't. Then he was shown a photograph of it, and he said, is this the gun you identified? And at that point he said yes, which is... Let's say he never got there. Let's say he said, I got no idea. I was freaked out. Someone threw a gun towards me. I freaked out. I shoved it in the drawer. And then I got really scared because the cops came in. So if he says I have no idea, even then, why does he have to know what the gun is? A gun. The cops take a gun out of his barber station, and he says, yeah, it was Wagner that came in here and chucked me a gun. It's the only gun they find. So, again, even without the barber identifying the gun, how is that not enough for the jury to infer the gun found in the barber station is a gun that Wagner possessed? It depends on how specific he can be in describing the gun. Why? Because there's only one gun. There's testimony that Wagner came in, chucked a gun at me, I put it in my station. Cops retrieve a gun from the station, the barber station. Right. What difference does it make what anybody's description of the gun at that point? It's not like there were seven guns, and they're trying to figure out which one it was. Well, the police didn't. Once the police found what they believed to be the relevant gun, they stopped looking. Well, because the barber said it's going to be in there. So they looked where he said. Wagner threw a gun at him. He put that gun. It's also a little bit unclear to me as to how, if Wagner had time to run into the barber shop and throw the gun and have the gun hidden, when was he arrested? When was the, you know, Your Honor said he was arrested right after the shooting. I didn't say that. Oh, I misunderstood. I beg your pardon. Okay, okay. I'm talking about the search of the police arriving at the barber shop. It's like eight minutes of time, it seems like, maybe. But I'm just, as Judge Kahn is asking, our question on review of a sufficiency of the evidence is could a reasonable jury draw this inference? I think it's a very close question, frankly. And I think that there are, you know, the barber shop itself has enough reason to have a gun on the premises. It's obviously, from what we know about the area, it's a dangerous area. As I understand it, the head barber had a criminal record, so if he did possess a gun, it was illegal. So in order to rule in your favor, because you're offering alternative hypotheses, but in order to rule in your favor, we would have to conclude that it was clear error to credit the testimony of Velazquez, that no reasonable jury could credit his testimony as to the provenance of that gun? Essentially, yes. Okay. And the jury, her testimony, did it not, at page 202 of the trial transcript, that Mr. Wagner was arrested at approximately 251 while leaving the barber shop? Yes. So he was arrested leaving the barber shop within, what, three, four minutes of the shooting? And he, the owner of the barber shop testified that Wagner came running into the barber shop. So there's no question he was arrested on site, is there, counsel, in the trial record? Essentially on site, yes. Okay. It just seems to me where the, not provenance of the gun, but the true ownership of the gun, and I was frankly startled when I started reading this case that you had to prove that it is the gun, because in New York you don't. But it's not ownership of the gun, it's possession of the gun. Yes, yes, yes, yes. Because a lot of them are stolen and who knows who the ownership is. I think that this is just not enough to, for the jury to find. I think it's too big of a leap for them to believe that that was the gun. The alleged victim didn't see the gun. The government spent a great deal of time saying it was the man in the red hat and the black shorts. And as far as I could tell, that was never challenged. But they kept proving it over and over and over. Yeah, we got it. It's, you know, that guy. But it's my view, it's my argument to you, that the evidence reduced was not sufficient. All right. I think we have your argument. Thank you. Thank you. And I think we'll hear from you again. And now we're going to hear from Attorney Lugaraja. That's correct, Your Honor. May it please the Court. My name is Shiva Lugaraja. I'm an assistant United States attorney in the Southern District of New York. I represent the government on this appeal. I also represented the government in the proceedings below. Your Honors, I want to pick up with the question that Judge Robinson asked my esteemed colleague about what it would take for this court to reverse the conviction here on a sufficiency challenge. I think my esteemed colleague conceded that you would have to discredit the testimony of one of the barbers, that's Mr. Veloz, with respect to the identification of the gun. That witness credibility issue is a classic issue that is left to the province of the jury. It is not an issue that a court can reverse on on a sufficiency appeal. And here, putting that aside, the government introduced eyewitness testimony beyond the barbers, surveillance footage, physical evidence, and expert testimony, all of which overwhelmingly established that the defendant possessed a firearm after previously being convicted of a felony punishable by imprisonment by more than one year. And unless the court has any further questions, the government would ask that the conviction be affirmed for the reasons set forth in its brief. Appreciate your argument. Thank you. Thank you. Attorney Garza. It's just a couple of things, Your Honor. It strikes me that at this point we don't, we still don't know for proof positive that that was the gun. All we have is the defendant, I mean, the ballistics evidence was very iffy. And also all we have is that statement by the head barber. And, you know, as I said, wouldn't be surprising for a business, small business in a bad neighborhood to have a gun. Suppose the head barber knew that's where his gun was and said, yeah, that's where the defendant's gun is. You know, it's just too speculative to convict a person of a federal felony. Thank you. Thank you. Appreciate it. Thank you both. Appreciate your arguments. And we will take this under advisement.